UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

LENA CHELIA

    Plaintiff,

v.

UNITED STATES SUGAR
CORPORATION

    Defendant.
_____/

## COMPLAINT

Plaintiff, LENA CHELIA ("Plaintiff"), by and through the undersigned counsel hereby files this Complaint against Defendant UNITED STATES SUGAR CORPORATION ("Defendant"), and in support states as follows:

## JURISDICTION AND VENUE

1. This action seeks damages in excess of $75,000.00, independent of attorney's fees, costs, and interests, as a result of Defendant's sexual harassment of Plaintiff's employment in violation of Title VII.

2. Defendant is a Foreign Profit Corporation with its principal place of business in Hendry Country, Florida.

3. Defendant operates a farming company.

4. Plaintiff was at all relevant times a resident of Hendry, Florida.

5. Plaintiff was at all relevant times an employee of Defendant.

6. At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

1

7. Defendant is accordingly an "employer" as defined by Title VII.

8. Plaintiff alleges that causes of action for sexual harassment under Title VII, as a result of the sexual harassment and retaliation she experienced by Defendant.

9. The violations complained of herein occurred in Hendry Country, Florida.

10. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 13, 2025, claiming discrimination and hostile work environment based on sexual harassment.

11. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR"), the state equivalent of the EEOC.

12. On July 21, 2025, a notice of right to sue was received by Plaintiff in which no determination was made.

13. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS

14. Plaintiff started working for Defendant on October 1, 2024, as a tractor operator under the supervision of Mr. Ramiro Cardenas.

15. On Plaintiff's first day, she was assigned to instructor Mr. Oscar (LNU), who criticized her for wearing a medal depicting the virgin, Mary.

16. After Mr. Oscar saw the medal, he refused to continue instructing Plaintiff.

17. Plaintiff reported his refusal to Mr. Cardenas.

18. On October 3, 2024, Mr. Oscar was replaced with Ms. Norma (LNU).

19. Ms. Norma appeared nervous during her instruction and admitted she wasn't the best person to instruct Plaintiff.

20. Plaintiff again reported this to Mr. Cardenas.

21. Ms. Nora was replaced by Mr. Ricardo (LNU).

22. On or around October 4, 2024, Mr. Ricardo made unwanted advances towards the Plaintiff while giving her instructions.

23. Defendant began touching her lower back and shoulder, stating that he was skilled at giving massages, and that Plaintiff might need none.

24. Afterwards, he told Plaintiff "[she] had nothing to worry about at the company," implying that he could protect her.

25. Feeling extremely uncomfortable, Plaintiff reported the touching and unwanted advances to her supervisor Mr. Cardenas.

26. On or around October 5, 2024, Plaintiff contacted Ms. Isabel Lopez from HR to request a transfer.

27. Ms. Lopez advised the Plaintiff that she was driving and would return her call, but Plaintiff never received a follow-up.

28. After reporting the incident to Mr. Cardenas and HR, Plaintiff began experiencing retaliation from Mr. Cardenas.

29. Plaintiff was assigned to operate a tractor with mechanical deficiencies.

30. Later, Mr. Cardenas asked Plaintiff to sign a document allegedly related to her training, however English was Plaintiff's second language, she asked for a translation.

31. The document was in English and Mr. Cardenas acting on behalf of the Defendant, refused to translate it telling the Plaintiff "it's a shame; we are in the United States, and you have to sign it in English."

32. All the while Plaintiff was still being sexually harassed by Mr. Ricardo, this harassment coupled with the lack of response from HR, Plaintiff felt pressured to sign the document.

33. Plaintiff signed the document on October 11, 2024.

34. Afterward Mr. Cardenas informed Plaintiff that she was no longer employed by the Defendant.

35. Plaintiff contacted HR again to explain the situation.

36. On October 15, 2024, Plaintiff was reassigned to another group by the main supervisor Mr. Jesus Hernadez.

37. On November 8, 2024, while parking her car at the work lot, one of her car tires exploded causing her to lose control and hit a fence.

38. Mr. Hernandez called the police and attempted to press charges against the Plaintiff for property damage.

39. However, it was proven that the incident was unintentional and occurred outside of the Plaintiff's work schedule.

40. Despite everything, Mr. Hernandez suspended Plaintiff indefinitely.

41. On November 16, 2024, Plaintiff received a call from HR informing her of her termination.

42. Plaintiff was not being targeted until she reported the sexual harassment.

## COUNT I
*Sexual harassment in Violation of Title VII*
*Hostile Work Environment*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 14-42 of this complaint as if set out in full herein.

44. Plaintiff is a member of a protected class under Title VII.

4

45. As part of its protections, Title VII prohibits sexual harassment.

46. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

47. The harassing conduct to which Plaintiff was subjected was perpetrated against her as result of her gender (female) and constituted actionable sexual harassment.

48. Defendant's alleged basis for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

49. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant

    A. Adjudge and decree that Defendant has violated Title VII, and have done so Willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

    F. Grant such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 14-42 of this Complaint as if set out in full herein.

51. Defendant is an employer as that term is used under the applicable statutes referenced above.

52. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

53. The foregoing unlawful actions by Defendant were purposeful.

54. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation, thereafter, as related in part above.

55. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

56. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

57. These damages are continuing and are permanent.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following relief:

    A. Declare that the acts complained of herein are in violation of the Title VII;

    B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

    D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

    E. Reinstate full fringe benefits and seniority rights to Plaintiff;

    F. Order defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

    G. For a money judgement representing prejudgment interest;

    H. Award any other compensation allowed by law including punitive damages and attorney's fees;

    I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

      J.   Grant plaintiff a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated: October 8, 2025                         Respectfully submitted.

                                                        GALLARDO LAW OFFICE, P.A.
                                                        8492 SW 8th Street
                                                        Miami, Florida 33144
                                                        Telephone: (305) 261-7000
                                                        Facsimile: (786) 527-3242


                                                        By: s/ Elvis J. Adan
                                                        Elvis J. Adan, Esq.
                                                        Fla. Bar No.: 24223